LORI MARINO ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WATERTOWN
(8888)

LAVERY, CRETELLA and LANDAU, Js.

Argued June 13—decision released August 14, 1990

*Franklin G. Pilicy,* town attorney, for the appellant (defendant).

*Robert P. Hanahan,* for the appellees (plaintiffs).

LANDAU, J. The defendant Watertown zoning board of appeals (board) appeals from the judgment of the trial court reversing its decision. That decision affirmed a ruling of the assistant zoning enforcement officer denying the plaintiffs' application for a certificate of zoning compliance to establish the validity of certain nonconforming lots as approved building lots. The dispositive issue is whether the trial court improperly substituted its judgment for that of the local zoning authority in finding that the lots had not merged.[1] We reverse the trial court's judgment.

Certain facts are not in dispute. The plaintiffs acquired a parcel of real estate in 1987 from the executrix of the estate of Mary Illes. Illes, who had acquired the property in 1942, owned the parcel in 1955 when zoning regulations were first established in Watertown. The parcel, which is located near the intersection of Sunnyside Avenue and Shelter Hill Avenue, is identified as lots fourteen, fifteen and eighteen on a map entitled "Plan of Shelter Hill in the Village of Oakville, Watertown, Conn. 1909." This map was filed in the Watertown land records in 1909. The deed received by the plaintiffs described the parcel with reference to those three lots as identified on the map.

Lots fourteen and fifteen are contiguous lots that front Sunnyside Avenue. Lot eighteen, which fronts Shelter Hill Avenue, abuts an entire side of lot fourteen and a portion of lot fifteen. Lot fourteen is

---

[1] The defendant also claims that the trial court misconstrued the pertinent Watertown zoning regulations in concluding that the three lots were valid nonconforming lots. Merger can occur by operation of law; that is, a town's zoning regulations may mandate merger of adjacent lots that are commonly owned. See *Neumann* v. *Zoning Board of Appeals,* 14 Conn. App. 55, 539 A.2d 614, cert. denied, 208 Conn. 806, 545 A.2d 1103 (1988). In this case, because the record before the board was sufficient to support a finding of an intent to merge, we need not reach the issue of whether merger was compelled under Watertown's zoning regulations.

improved with a house that was built in 1920. Lots fifteen and eighteen are unimproved. There is no access to lots fourteen and fifteen from Sunnyside Avenue because of the topography of the property. Access to the house is over a driveway constructed on lot eighteen that connects to Shelter Hill Avenue.

All three lots are located in an R-10 zone and each exceeded the minimum lot area requirement of 10,000 square feet. The assistant zoning enforcement officer denied the plaintiffs' application for a certificate of zoning compliance, however, for the principal reason that the individual lots could not accommodate a seventy-five foot square, in violation of a Watertown zoning regulation. The plaintiffs appealed this ruling to the board. After the board affirmed the zoning officer's decision without explanation, the plaintiffs brought an appeal pursuant to General Statutes § 8-8.

The trial court sustained the plaintiffs' appeal and directed the board to grant the application for a certificate of zoning compliance with respect to lots fifteen and eighteen. The trial court found, inter alia, that the three lots composing the property had not merged into one parcel.

Once a local zoning authority has found or could have found, from the record before it, that there was a merger of lots, the trial court is "restricted to a determination of whether the board's finding of merger was reasonably supported by the record and whether this was a pertinent basis on which to deny the plaintiff's application." *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 677, 559 A.2d 1174 (1989). A trial court cannot disturb a zoning board's factual finding of merger as long as that finding is the product of an honest judgment reasonably exercised. To do so would be an improper substitution of the trial court's judgment for that of the board. Id., 676–77.

The record here reasonably supports a finding of merger. It is true that contiguous land owned by the same person does not necessarily constitute a single lot. *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164–65, 556 A.2d 1049 (1989). It is also true that the taxation of multiple parcels of land by the assessor's office as one tract does not compel a finding of merger. Id. This does not mean, however, that such factors may not be considered by the board as part of the evidentiary foundation to support a finding of merger if they are relevant and probative. While the fact that lots are contiguous and owned by the same person does not mandate a finding of merger; see *Molic* v. *Zoning Board of Appeals,* supra; it is certainly a relevant factor. Further, the fact that the land was taxed as one parcel is relevant to a finding of merger in this case, where the record disclosed that the parcel in question had been taxed as one lot for the past fifty years.

Moreover, the record of the proceeding before the board discloses additional facts that would amply support a finding of merger. There was testimony that, in the early 1900s, most of the Oakville area of Watertown was divided into lots that would be substandard under today's zoning regulations. Virtually all of the present-day deed descriptions contain multiple lot references to these various maps that were filed around the turn of this century, long before zoning regulations had been adopted. Just as the consolidated taxation of contiguous lots owned by a single person does not compel a finding of merger, the fact that a deed description references multiple lots from a map filed in the land records does not compel a finding of an absence of merger. We simply cannot accept the plaintiffs' contention that a deed description established that they had the intent to own three separate lots. Such a conclusion conflicts with the basic proposition that in a

610

determination of the factual issue of merger, the intent of the property owner must be ascertained and that no single factor is dispositive. See *Molic* v. *Zoning Board of Appeals,* supra, 164.

Finally, with regard to this particular parcel, the board heard testimony that the property was developed in 1920 as one tract and has been used in that manner since that time. Because of the topography of the property, one must use a driveway constructed on adjacent lot eighteen to reach the house on lot fourteen. Such an integrated and interdependent usage of the referenced lots belies any claim that there was no intent to merge.

We conclude that the trial court exceeded its scope of judicial review in finding there was no merger when the record reasonably supported such a finding. It had no authority to weigh the evidence for itself and determine the issues of fact involved. *Horn* v. *Zoning Board of Appeals,* supra, 677.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.

