LAWRENCE IANNUCCI *v.* ZONING BOARD OF APPEALS OF THE TOWN OF TRUMBULL
(9018)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued December 11, 1990—decision released June 18, 1991

*Arthur A. Hiller,* town attorney, for the appellant (defendant).

*Frederick F. Ehrsam, Jr.,* for the appellee (plaintiff).

LANDAU, J. The defendant denied the plaintiff's application for several variances for the repositioning of a house and the construction of an additional structure. Upon certification by this court, the defendant appeals from the trial court's decision that the defendant's denial of the plaintiff's application was illegal.

The defendant claims that the trial court improperly found (1) that the defendant had abandoned its claim of merger, and that the issuance of a building permit by the building official required certain land to be treated as separate building lots, (2) that the plaintiff's two contiguous lots had not merged, (3) that the defendant should have considered General Statutes § 8-26a, and (4) that the defendant improperly determined that no hardship existed. We agree with the defendant.

The following facts are pertinent to this appeal. The plaintiff purchased the property from his mother's estate in 1987. His parents had purchased the property in the early 1950s. The property is comprised of two parcels designated lots one and two as shown on a subdivision map approved by the planning commission and filed on December 19, 1938. At the time that the plaintiff submitted his variance application, the house was located on lot two with a portion built over the property line onto lot one. A survey map dated April 12, 1987, shows lots one and two as a single lot with the

house extending over both sides of the preexisting boundary line. The plaintiff requested variances from the defendant to relocate the house entirely onto lot two and to build a house on lot one. After a public hearing, the defendant, on November 14, 1988, denied the plaintiff's application in part because it concluded that "when a portion of the dwelling on lot two was constructed over the property line, lots one and two were effectively combined." On December 7, 1988, the plaintiff appealed the defendant's denial to the Superior Court.

After the defendant denied the plaintiff's variance application and while the appeal was pending before the Superior Court, the plaintiff submitted an application for a building permit, dated February 15, 1989, to the building department of the town of Trumbull. On February 16, 1989, the town building official issued a building permit to move the house off of its existing foundation and to construct a new foundation. At the hearing before the trial court, the plaintiff testified that the house had been relocated entirely onto lot two.

I

The trial court concluded that the defendant had abandoned the issue of merger because the town building official issued a building permit and because the defendant did not "readdress the question of merger" by filing a reply to the plaintiff's supplemental brief. The trial court improperly concluded that the defendant had abandoned its claim of merger.

The plaintiff submitted an application for a building permit to "move existing house off foundation, construct new foundation and renovate complete house." The town building official, as authorized by the town's zoning regulations, issued a permit for the requested relocation and renovation. Upon issuance of the permit, the plaintiff relocated the house. Although termed

abandonment, the trial court in essence found that the issuance of the building permit estopped the defendant from asserting that the lots had merged.

Estoppel may be invoked in municipal zoning cases " '(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. . . .' " (Citation omitted.) *West Hartford* v. *Rechel,* 190 Conn. 114, 121, 459 A.2d 1015 (1983). The building inspector is not the zoning board and does not have the authority to determine whether lots have merged. The building official's issuance of a building permit, therefore, neither estops the defendant from continuing to assert that the lots had merged nor constitutes a variance from the zoning regulations. For this same reason, the trial court improperly concluded that the lots must be treated separately because of the issuance of the building permit.

The defendant's failure to file a reply brief not ordered by the court also does not constitute abandonment. At trial, the court granted the plaintiff's request to file a supplemental brief addressing the issue of merger. In turn, the court provided the defendant with the right to file a reply brief. The defendant, however, had fully addressed the issue of merger in its initial brief. The opportunity to file a reply brief is not an order, and no authority was furnished to this court, nor are we aware of any, that persuades us that the failure to file a reply brief not ordered by the court is evidence of abandonment, particularly where the issue to be discussed has already been briefed.

## II

The defendant claims that the trial court, in overruling the defendant's decision, improperly found that lots one and two had not merged. "Courts are not to sub-

stitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Citations omitted.) *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980). When a zoning board of appeals has stated the reasons for its action, a reviewing court may determine only whether the reasons given are supported by the record and are pertinent to the decision. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 50, 484 A.2d 483 (1984). The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it. Id. Therefore, on the issue of merger, the trial court was "restricted to a determination of whether the board's finding of merger was reasonably supported by the record and whether this was a pertinent basis on which to deny the plaintiff's application." *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 677, 559 A.2d 1174 (1989); see also *Marino* v. *Zoning Board of Appeals,* 22 Conn. App. 606, 609, 578 A.2d 165 (1990).

Contiguous land owned by the same person does not necessarily constitute a single lot. *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 338, 130 A.2d 789 (1957); *Marino* v. *Zoning Board of Appeals,* supra. A merger can occur, however, if the owner of contiguous parcels of land intends to form one tract. The owner's intent "may be inferred from his conduct with respect to the land and the use which he makes of it." *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164, 556 A.2d 1049 (1989). Intent is an inference of fact and " 'is not reviewable unless it was one which the trier could not reasonably make." *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 182, 377 A.2d 280 (1977).

The record here reasonably supports a finding of merger. Initially, we note that both lots were purchased

by the plaintiff's parents. A portion of the dwelling was later constructed over the property line and the position of the house was accurately noted on the survey map dated April 12, 1987. It was reasonable for the defendant to infer that the actions of the plaintiff's parents effectively merged the lots. Once these lots were merged, they could not thereafter be redivided into two separate lots. *Neumann* v. *Zoning Board of Appeals,* 14 Conn. App. 55, 60–61, 539 A.2d 614 (1988).

The plaintiff's assertion that the lots remain separate because they appear separately on the original subdivision plan is not persuasive. A reference to multiple lots "from a map filed in the land records does not compel a finding of an absence of merger. . . . Such a conclusion conflicts with the basic proposition that in a determination of the factual issue of merger, the intent of the property owners must be ascertained and that no single factor is dispositive." *Marino* v. *Zoning Board of Appeals,* supra, 609–10.

In addition, the trial court found that because the property was recorded as separate lots on an approved and recorded subdivision plan, the defendant should have considered General Statutes § 8-26a.[1] Section

---

[1] "[General Statutes] Sec. 8-26a. EFFECT OF CHANGE IN SUBDIVISION OR ZONING REGULATIONS AFTER APPROVAL OF PLAN. (a) Notwithstanding the provisions of any general or special act or local ordinance, *when a change in the subdivision regulations is adopted by the planning commission* of any town, city or borough, or other body exercising the powers of such commission, no subdivision plan which has been approved, prior to the effective date of such change, by such planning commission or other body, and filed or recorded with the town clerk, shall be required to conform to such change.

"(b) Notwithstanding the provisions of any general or special act or local ordinance, *when a change is adopted in the zoning regulations or boundaries* of zoning districts of any town, city or borough, no lot or lots shown on a subdivision plan for residential property which has been approved, prior to the effective date of such change, by the planning commission of such town, city or borough, or other body exercising the powers of such commission, and filed or recorded with the town clerk, shall be required to conform to such change." (Emphasis added.)

8-26a provides that approved and recorded subdivision plans need not conform to subsequent amendments to subdivision or zoning regulations. This statute applies to subsequent changes promulgated by official bodies. In this case, the change to the lots has occurred due to the actions of the landowners, not an official body. Therefore, although lots one and two would not be required to conform to the current zoning regulations if they had not been merged, the fact that they have merged due to the actions of the landowners does not implicate § 8-26a.

Because we conclude that the defendant had sufficient cause based on merger to deny the plaintiff's variance, we need not address whether the defendant improperly found that no hardship existed. *Torsiello* v. *Zoning Board of Appeals*, supra.

The trial court exceeded the scope of its judicial review when it determined that the evidence before the defendant was insufficient. The trial court weighed the evidence and determined the issue of fact involved and, in effect, impermissibly substituted its judgment for that of the zoning board of appeals. See *Horn* v. *Zoning Board of Appeals*, supra, 677.

The judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.