[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the, Norwalk Zoning Board of Appeals granting a variance to remove a nonconforming one family dwelling and to rebuild a nonconforming structure at the same location on the applicants' property. This appeal is a sequel to Barbara Packwood, et al vs. Zoning Board of Appeals of City of Norwalk, No. CV93-0302502 S. (Packwood I). While both Packwood I and this case are decided at the same time, the power of the Zoning Board of Appeals (the Board) to grant the variance in this appeal turns on the legal status of the prior variances which were the subject of Packwood I. That appeal held that the Board could not properly grant the setback variances for the portion of the addition which extended across the front and side yard setback lines, but that the Board within its discretion, properly granted the variance to allow parking of two vehicles in the front yard of the subject property.
As in the prior appeal, the appellants are owners of abutting property, and have standing to take this appeal because they have proven statutory aggrievement. Section 8-8(a) C.G.S.
The plaintiffs have briefed the following issues in this appeal: (1) The Board failed to state on the record the reasons for its decision granting the variance; (2) The applicant failed to prove hardship; (3) Lack of personal notice to the named plaintiff, an adjacent property owner and (4) The granting of the prior variance did not justify this one. To the extent the appeal raised other issues, since they have not been briefed they are abandoned. CT Page 10790 Shaw v. Planning Commission, 5 Conn. App. 520, 525.
As determined in Packwood I, the plaintiffs as abutting property owners were not legally entitled to personal notice of the application under the Norwalk Zoning Regulations, and notice of the public hearing adequately complied with 8-7 of the General Statutes.
The minutes of the executive session indicate that the Board did give reasons for granting the variance. They state:
 "Whereas the applicant has demonstrated to the Board the requirement to demolish and rebuild the structure in compliance with the side yard regulations but in difference to the placement of the property closer to the farm creek tidal area which creates attractive views and is of greater importance to the surrounding property owners that this open space be maintained, and whereas the adjacent property owner is at a lesser setback at the front setback and thus the placement of this house at the 20 foot setback would not be adverse to the character of the neighborhood and the site distances, the chairman moved to grant the variance to remove a nonconforming one family dwelling for new construction access and to rebuild nonconforming structure, 118-100BC, with addition as granted per earlier variance."
This motion was passed unanimously.
There is a typographical error in the minutes and resolution, which is apparent from the legal notice and the report of the Zoning Inspector which show that the variance was to 118-800B(6) of the Norwalk Zoning Regulations. That regulation provides:
 "A nonconforming structure or a structure devoted to a nonconforming use which is destroyed by any means to the extent of more than fifty percent (50%) of its market value at the time of its destruction shall not thereafter be reconstructed except in conformance with these regulations."
CT Page 10791
Since the Board did assign reasons for granting the variance, the question on appeal is whether the reasons assigned by the Board are reasonably supported by the record and are pertinent considerations for granting a variance. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 152; Iannucci v. Zoning Board of Appeals,25 Conn. App. 85, 89.
After the prior variance was granted, there were problems obtaining access to the rear of the existing building to construct the portion of the addition that did not require a variance. The Board had indicated when it considered the prior variance that the applicant would have to reapply if the existing building would be destroyed by over 50%. In addition, because of soil conditions on the site, which abuts a tidal marsh, pilings were needed for the foundation. For these reasons, the owners decided to remove the existing structure and rebuild it on essentially the same footprint but at a location which did not require a side yard variance. The nonconforming building was still standing at the time of the hearing on the variance which is the subject of this appeal, but it has since been demolished. Without a variance of 118-800B(6) of the Zoning Regulations any new building on the property must conform with the existing zoning regulations. While 8-2 of the General Statutes protects existing nonconforming uses, there is a general zoning principle that nonconforming uses should be abolished or reduced to conformity where possible, and that they should not be allowed to increase. Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 383, 384. Even though the subject property is a lot of 3183 square feet and is entitled to continue as a nonconforming lot, a building can be constructed on the lot which does not violate the 35 percent coverage provision or the setbacks. This is not a situation where denial of a variance precludes use of the lot for a single family residence and where a variance must be granted to avoid a confiscation situation. See Chevron Oil Co. v. Zoning Board of Appeals, supra.
The property owner defendants rely upon Archambault v. Wadlow,25 Conn. App. 375, 382-83 as authority for the Board's decision to grant the variance in this case. The two situations are similar but different. In Archambault the plaintiffs also had a nonconforming, undersized lot but there was no building on the lot. The zoning board of appeals denied an application for a setback variance, but was reversed on appeal because the hardship (the undersized lot) was not created by the property owners, and denial of a variance would preclude all use of the lot for residential purposes, which amounted to a practical confiscation of the CT Page 10792 property. That situation does not exist here, as the property owner had and could continue the use of the nonconforming structure on the lot without obtaining a setback variance from the Board. That result is also consistent with the concept of allowing nonconforming uses to continue, but not to allow their expansion or extension. Accordingly, an additional variance to expand the structure would require proof of hardship, and the proposed addition, to the extent setback variances were required did not meet that test. See Packwood I. Even though the property owners could not extend the existing residence over the setback lines, they were allowed to continue the use of the building. Section 8-2
C.G.S.; 118-800A and B(1) Norwalk Zoning Regulations. If the building, a nonconforming structure, was destroyed by any means, 118-800B(6) precluded its reconstruction except in conformity with the zoning regulations. Since reconstruction of a new building on the nonconforming lot could be done in conformity with the setback regulations, the confiscation situation in Archambault and similar cases does not apply here. The issue then becomes whether there was sufficient hardship to grant new variances for the same or a different location for a new building.
A zoning board of appeals may grant a variance where two basic conditions are met: (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 709; Smith v. Zoning Board of Appeals, 174 Conn. 323,326; Archambault v. Wadlow, supra, 381. However, if the hardship arises from a voluntary act on the part of the applicant, the board does not have the authority to grant a variance. Id, citing Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39. Moreover, the board is under no duty to extricate an applicant from a self created hardship. Id, 44. The property owners here properly applied for a variance before demolishing the building.[1]
Whether or not the variance should have been granted must be viewed in the context of the situation before the board. Since it was then a nonconforming lot with an existing nonconforming building the Board was not faced with a situation of self created hardship. That line of cases does not apply to this appeal, although it may be a factor if another variance application is filed.
A zoning board of appeals cannot grant a variance for a use which is inconsistent with the general purpose and intent of the zoning ordinance or which impairs the integrity of the CT Page 10793 comprehensive plan. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 656. This factor, the first part of the variance test, is met where, as here, houses in the area of the applicant's property exist on undersized lots with similar setback problems. Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 564. The Board's resolution states that a front setback variance would not be adverse to the character of the neighborhood and that an adjacent property owner has a greater encroachment on the front setback line. The resolution also recognized that moving the building further away from the tidal march area would create attractive views which were important to surrounding property owners. The record amply justifies what amounts to a finding by the board that a variance would not substantially affect the comprehensive zoning plan.
The property owners contend that the small size of the lot, the fact that it abuts a tidal wetland, and the special engineering problems for putting an authorized addition on the building considered together amount to a unique hardship which justified the Board in granting the variance. The reason the property owners requested the variance, as stated in their application, was that after completing a soil analysis it was determined that pilings were necessary but that construction of pilings required removal of the house. The Board was aware of the conditions on the property from the prior variance application. The second variance requested permission to remove the existing rundown building and rebuild it on the previously approved front setback line. The Board's resolution must be viewed in that context. The demolition and reconstruction of the building would not extend the existing nonconforming structure. Most of the original, proposed addition (the subject of Packwood I) was located at the rear of the building and did not require either side yard or rear yard variances. In other words, even without a variance, the property owners could lawfully enlarge the building in the rear of the property. The soil conditions in that area required pilings for the addition and the existing building blocked access to the rear of the lot to. install them, which was the reason the second variance was requested. The undersized lot was not, standing alone, justification for the variance, since it was not unique to the neighborhood, but it was a factor in precluding construction in the rear of the property because the location of the nonconforming building on the lot effectively prevented access to the rear of the property to construct the addition.
The hardship which justifies a zoning board of appeals in CT Page 10794 granting a variance must be one that originates in the zoning ordinance, and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whittaker v. Zoning Board of Appeals, supra, 658; Archambault v. Wadlow, supra, 381. The applicant must prove hardship affecting his land occurs by the application of the zoning ordinance to it. Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,599. To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district. Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636; Whittaker v. Zoning Board of Appeals, supra, 658. Topographic conditions on the property involved in the application maybe the basis for granting a variance, as long as other properties in the are do not have the same problem. Stillman v. Zoning Board of Appeals, supra, 636, 637; Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 280. The construction problems on the rear of the subject property are arguably a basis for finding a hardship which is unique to the property. Evidence in the record does not show that other properties in the area faced comparable problems, either because of soil conditions or the location of buildings on undersized lots.
Since aesthetics is not a proper consideration for zoning, DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541, the preservation of an open area on the rear of the subject property for the benefit of surrounding property owners is not a valid reason for granting a variance, since it is not a hardship for the subject property. However, this was secondary to the difficulty in building the addition to the rear of the building, which was the reason the variance was required. The incidental benefit to surrounding properties which would result from reconstructing the building in basically the same location may have been an inducement to the board to grant the variance, but it is immaterial to the question of hardship.
The proposed building conformed with the side yard setbacks, reducing the nonconforming location of the existing structure, while at the same time not extending the building any further into the front setback. Not allowing a variance would have reduced the size of the building considerably in a situation where the lot coverage by the building did not violate the zoning regulations. The earlier variance upheld the location of a building over the front setback line even if it was improperly granted for an extension of the second story over the setback. Difficulties of construction in the rear of the property could be considered as a CT Page 10795 topographic hardship. Under the circumstances, the board could reasonably conclude that conditions unique to the subject property existed which amounted to hardship[2] if the applicant could not rebuild at the same location. Fiorilla v. Zoning Board of Appeals, supra, 280; Stillman v. Zoning Board of Appeals, supra, 636, 637. On appeal, the court cannot substitute its judgment for that of the board. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,731, 732.
The application itself requested the re-granting of a variance for three purposes: (1) to remove an existing structure; (2) to rebuild on the previously approved front setback[3]; and (3) to re-approve the two off street parking spaces. No variance was required to demolish the existing building. Since there was no time limit or condition attached to the variance for parking, which was upheld in Packwood I, it is puzzling why the property owners made a second request for the same variance. Moreover, the board's resolution does not discuss it. Since the board failed to act on a parking variance, presumably because it was academic, it is not before the court for review.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE