[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This appeal involves two cases that were consolidated because they raise virtually identical issues. The plaintiffs are David and Christine Cole, who own continguous lots at 39 and 41 Monroe Street in Shelton, and Barry Wermuth and Karen Wermuth, who own contiguous lots at 35 and 37 Monroe Street in Shelton. In each case the owners reside in a dwelling on one lot and seek to develop the adjacent undeveloped lot. In 1989, the plaintiffs applied for certificates of zoning approval to build single family residences on their respective undeveloped lots. Applicable zoning regulations, enacted in 1977, called for a minimum lot size of 12,000 square feet. Although the undeveloped lots were approximately 6,000 and 5,000 square feet, the plaintiffs argued that because these lots predated the current zoning regulation they were preexisting nonconforming lots that could be developed.
In both cases the Shelton Planning and Zoning Commission ("Commission") denied the plaintiffs' applications for certificates of zoning approval. The plaintiffs appealed the denials to the zoning Board of Appeals ("Board"), which upheld the Commission's decisions. The plaintiffs appealed the Board's decision to the superior court pursuant to General Statutes § 8-8. The appeal was heard by the court (Fuller, J.) which found that the Board improperly treated the plaintiffs' applications for certificates of zoning compliance as variance applications. (Return of Record ("ROR"), Item 11.) The court remanded the applications to the Board with instructions to determine whether the plaintiffs have nonconforming lots under the Shelton Zoning Regulations. (Return of Record ("ROR"), Item 11.) The court, in noting that the other material issue before the Board would be whether the lots met the zoning regulation definition of a lot, indicated that it was possible that the undeveloped lots had merged with their respective adjacent lots. (Return of Record ("ROR"), Item 11.)
The plaintiffs subsequently sought a rehearing of their appeal of the Commission's denial of their application before the Board. Notice that a public hearing was to take place on January 15, 1991, appeared in the Evening Sentinel. (ROR, Item 2.) At the hearing, the Wermuths were represented by Attorney CT Page 4546 Greg Conte who used copies of the deeds to show that their parcels, although owned by one owner for some time, had always been treated as two separate lots. (ROR, Item 17.) He also indicated that the plaintiffs had always treated their land as two separate lots. (ROR, Item 17.) He argued that pursuant to the Shelton Zoning Regulations, the undeveloped lot should be treated as nonconforming. (ROR, Item 17.) During the hearing it was also disclosed that an area on the undeveloped lots of both Cole and Wermuth, which are adjacent, was a cleared dirt area where cars could park. (ROR, Item 17.) But Wermuth testified that the land was like that when he moved in and he parked there for a limited time. (ROR, Item 17.) He testified that the Coles did not park there and that the area has since grown over.
At a work session on March 19, 1991, the Board unanimously voted to deny both appeals. (ROR, Item 4.) The minutes of the working meeting indicate that the Board concluded that in each case the two lots had merged into one. (ROR, Item 4.) With respect to the Cole lot, the Board noted that from 1956 to 1981 the lots were transferred seven times; each time they were conveyed on a single deed. (ROR, Item 4.) With respect to the Wermuth land, the Board also noted that both parcels had been transferred by a single deed six times between 1933 and 1980. (ROR, Item 4.) The Board also cited as evidence of merger the use at one time, by both Wermuth and the previous owner, of the undeveloped lot for parking. (ROR, Item 4.) Notice of the decision was published in the Evening Sentinel, March 27, 1991. (ROR, Item 6.) The plaintiffs filed their appeal on April 18, 1991.
The plaintiffs raise several objections with respect to the Return of Record (record). The plaintiffs object to the inclusion in the record of their previous applications, in 1987, for variances since these were not introduced at the hearing on their permit applications. However, even assuming these documents are improperly included in the record, their inclusion does not affect the appeal since there is no evidence that the Board considered the prior applications in making its decision. Other deficiencies raised by the plaintiffs have been remedied and therefore are not addressed here.
[Aggrievement]
Pursuant to General Statutes § 8-8(b) "any person aggrieved CT Page 4547 by any decision of a board may take an appeal to the superior court . . ." Aggrievement is a jurisdictional question. [Winchester Woods Association v. Planning and Zoning Commission],219 Conn. 303, 307, 592 A.2d 953 (1991). To be aggrieved, the plaintiff must show a specific personal and legal interest in the subject matter of the decision and that interest must be specifically and injuriously affected by the Board's decision. Id. An owner of the subject property is aggrieved and has standing to bring an appeal. Id., 309. The parties produced evidence that they are the owners of the subject lots. The court finds, therefore, for the purpose of these appeals, that the plaintiffs are aggrieved.
[Timeliness]
Pursuant to § 8-8(b) of the General Statutes, a party appealing a decision of the board must do so by commencing service of process within 15 days from the date that notice of the board's decision was published. Plaintiffs commenced this action by service of process on the town clerk, the chairman of the Commission, and the chairman of the Board on April 10, 1991, thirteen days after notice of the Board's decision appeared in the Evening Sentinel. (Sheriff's returns.) It is therefore determined that the appeal was timely filed.
[Standard of Review]
"Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision." (Citation omitted.) [Torsiello v. Zoning Board ofAppeals], 3 Conn. App. 47, 50, 484 A.2d 483 (1984). "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted; citation omitted.) [Schwartz v. Planning Zoning Commission], 208 Conn. 146,152, 543 A.2d 1339 (1988). The court's review of the board's decision is limited to determining whether it was unreasonable, arbitrary, or illegal. Id. The burden of proof is on the plaintiff to show that the board acted improperly. [Spero v. Zoning Board of Appeals], 217 Conn. 435, 440,586 A.2d 590 (1991). CT Page 4548
In their appeals, the plaintiffs argue that the Board acted illegally, arbitrarily, and in abuse of discretion in that it failed to apply the Shelton Zoning Regulations properly; failed to consider evidence before it and act accordingly; and failed to decide the application in accordance with the instructions the superior court when it remanded the case to the Board. Specifically, the plaintiffs argue that Connecticut statutes and caselaw protect nonconforming uses. They argue that the lots were preexisting nonconforming uses at the time the subject area was rezoned into larger lots. In addition, the plaintiffs argue that the subject lots meet the town's preexisting nonconforming use regulations and that the sole reason offered for the Board's decisions — that the subjects lots merged with their adjacent lots — is not supported by the record. They contend that transfer of separate lots on the same deed does not constitute merger.
The defendants argue that the evidence showing the subject tracts were transferred as single pieces of property supports the Board's conclusion that the properties had merged and that the owners themselves treated their property as one unit. In addition, the defendants argue that, pursuant to Shelton zoning regulation § 5.11, the contiguous pieces of property constituted single lots.
The pertinent Shelton Zoning Regulations provide as follows:
 5.11 [Lot:] A "lot" is defined as: (1) a parcel of land meeting the requirements of these Regulations; (2) a parcel of land which is owned separately from any adjoining lots or lots as evidenced by deed or deeds recorded in the land records of the City of Shelton; or (3) a building lot shown on a subdivision map approved by the Planning and Zoning Commission.
. . .
 41.9 [Lots:] Nothing in these Regulations shall prevent the construction . . . of a building . . . on or the use of a lot, as defined in Section 5 [above], which does not conform to the area, shape and frontage CT Page 4549 requirements of these Regulations, subject to [listed conditions]. . . .
It is true that the plaintiffs introduced evidence indicating that the subject lots met the requirements of 41.9. However, it appears that the Board did not make any determinations with respect to that issue because it found that the lots at issue had merged with contiguous lots, rendering that issue moot. Therefore the issue before the court is not whether the lots met the requirements of § 41.9 but whether the record supports the Board's finding of merger.
Merger of two lots may occur in either of two ways. A town's zoning regulations may mandate that where an owner of a lot that has been rendered undersized by new regulations, owns a contiguous lot, the two lots merge before subdivision or building applications will be considered. [Neumann v. ZoningBoard of Appeals], 14 Conn. App. 55, 60, 539 A.2d 614, cert. denied, 208 Conn. 806 (1988). In addition, merger can occur where an "owner of contiguous parcels of land [intends] to form one tract." (Emphasis added.) [Iannucci v. Zoning Board ofAppeals], 25 Conn. App. 85, 89, 592 A.2d 970 (1991). An owner's intent to merge separate lots "may be inferred from his conduct with respect to the land and the use which he makes of it." [Molic v. Zoning Board of Appeals], 18 Conn. App. 159, 164,556 A.2d 1049 (1989). "Intent is an inference of fact and is not reviewable unless it was one which the trier could not reasonably make." [Iannucci], supra. In short, "[o]nce a local zoning authority has found or could have found, from the record before it, that there was a merger of lots, the trial court is restricted to a determination of whether the board's finding of merger was reasonably supported by the record and whether this was a pertinent basis on which to deny the plaintiff's application." [Marino v. Zoning Board of Appeal], 22 Conn. App. 606,608, 578 A.2d 165 (1990).
The intent to merge or not to merge has been inferred from a variety of actions. Locating a house on the property line indicates an intent merge. [Iannucci], supra, 90. Clearing a lot of trees and maintaining it as part of the lawn also indicates intent to merge the lots. [Torsiello], supra, 51. Using a driveway that crosses one lot to serve the other is evidence of an intent to merge. [Marino], supra, 608. One court noted that the fact that two parcels are included in a single tax bill does not prove merger; [Marino], supra; while another court held that a CT Page 4550 single tax bill is evidence of merger but does not mandate a finding of merger. [Molic], supra. Also, the fact that a deed description specifically references multiple lots does not mandate finding that no merger occurred. [Marino], supra. In sum, in "a determination of the factual issue of merger, the intent of the property owner must be ascertained and . . . no single factor is dispositive." [Marino], supra, 610.
The issue before the court, therefore, is not whether upon the evidence before the Board, the court would have reached the same conclusion. Rather, regardless of whether the Board found or did not find a merger, the court is limited in its review to a determination of whether there was sufficient evidence in the record to support the decision.
Here, in both the Wermuth and Cole matters, the finding of merger was reasonably supported by the record and the Board was entitled to act thereon and deny the plaintiffs' applications.
Accordingly, the appeals are denied.
MAIOCCO, J.