[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This is an appeal of a decision of the defendant Town of Suffield Zoning Board of Appeals granting the defendant L W Builders' application for a variance to construct a pole barn on the site of L W's retail lumber business.
The following facts give rise to this appeal. The L W parcel is located in an R-45, residential zone. The use of the property for the sale of lumber is deemed to be a valid nonconforming use because the property was used for such purposes prior to the adoption of the applicable Suffield zoning regulations. L W seeks to construct a 28' x 100' pole barn for the storage of plywood The barn is described as a three sided wooden building with 5 storage bays.
In its application and presentation to the Commission, L W indicated that the proposed barn would be sited to the rear of an existing building fronting on the primary access road to the retail operation. L W asserted that the construction of the barn is necessary to replace rotted storage sheds and to accommodate the increased sale of plywood in today's market. Presently the plywood is stored on the paved area of the parking area and is protected by plastic covering. L W argued to the Board that the siting of the barn in the rear of the property would not only accommodate its need for increased storage of the plywood, but would also provide an aesthetic benefit by removing the lumber and plastic coverings from public view.
L W sought a variance from the Suffield Zoning Board of Appeals to construct the pole barn because of its concern that the addition of such a structure, in the absence of a variance, might be deemed to be an illegal expansion of a nonconforming use. The application was opposed by the plaintiff, an abutting landowner[1], who expressed concern that approval of the barn would expand the nonconforming use and adversely affect property values.
The principal issue throughout the hearings and the Commission's deliberations was whether construction of the barn CT Page 9075 would constitute a lawful intensification of a nonconforming use and therefore not require a variance or, instead, would be deemed an unauthorized expansion of such a use, and therefore illegal, in the absence of a variance. Although the Commission approved the variance, both the official notice of approval (Record Exh 6) and the Commission's deliberations reflect an understandable struggle to determine, in the first instance, whether a variance was even required, and if so, to identify the basis for approving L W's application. The Board approved the variance, even though one of the reasons cited during the Board's deliberations was the contradictory finding that the proposed barn would not constitute an expansion of the nonconforming use.
In particular, the Commission's letter of approval stated, "#95-96-1 L W Builders (Grand Lumber Co.), 1477 N. Grand St., West Suffield, by unanimous vote, granted a variance for the use of an accessory building (28' by 100') for storage of plywood for the business in a residential zone because the variance is not an extension o-r expansion of a non conforming use as prohibited by Sect. 3.61(c)."
 II.
Review of the Board's decision to grant the variance is guided by well established principles. "General Statutes § 8-6 authorizes a zoning board of appeals to grant a variance where two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plans." Smithv. Zoning Board of Appeals, 174 Conn. 323, 326 (1978). In reviewing the decision of a zoning board of appeals, the credibility of witnesses and the determination of factual issues are matters within the province of the agency. Stankiewicz v.Zoning Board of Appeals of Town of Montville, 15 Conn. App. 729
(1988). If the reasons assigned by the Board are reasonably supported by the record and are pertinent considerations for granting a variance, the decision must be upheld. Iannucci v.Zoning Board of Appeals, 25 Conn. App. 85 (1991). The court should not go beyond the official statement of the Board and should not substitute its judgment for that of the Board as long as an honest judgment has been reasonably made. Id. If the Board does not state reasons for its decision, the court must search the record to determine if the decision is supported by the CT Page 9076 record. Stavola v. Buckley, 134 Conn. 186 (1947).
In this matter, as previously noted, the Board's letter of approval did not formally make a finding of hardship. A review of the Board's deliberations reflects the difficulty it had in identifying the type of hardship necessary for granting a variance, and indeed, whether such a variance was even required in light of the evidence suggesting that the proposed barn was merely a lawful intensification of a valid nonconforming use:
 Bobbie Kling: The variance is granted for the use of an accessory building . . . for the storage of plywood for a business in a residential zone. The hardship is protection of existing plywood and a safer, and cleaner, and aesthetically more pleasing . . .
 Jay Presser: That is good if we are right, I think we can call it a variance, at least as an alternative.
 Bethany Alvord: And then if we are wrong on the first one, use the hardship thing?
 Jay Presser: To the extent that that is true, we don't have to do anything. He would be allowed to do it without our permission. We are really voting on a variance to make it permissible no matter what. He can just go up to him today and try to enforce it . . .
 Bobbie Kling: The hardship is what we are struggling with. We have nailed down the motion. All this discussion was discussion on hardship.
 Bethany Alvord: No, I don' t think so. I think we are first saying it is not an extension or an expansion of a non-conforming use.
 Bobbie Kling: Would you like to write down what you want me to put down. Do you want two variances?
 Jay Presser: If we are right about that, he can go ahead and build it. His only enforcement was the site so zoning enforcement was wrong, it is not an extension. If we are right on that, it is procedurally how to enforce and we would uphold an appeal of a citation, or deny repeal of a citation, saying there CT Page 9077 should not have been a citation because this is not an extension.
 Jay Presser: Since he was here, he filed for a variance and we think it appropriate that he be able to do this rather than him facing a risk violating the law. Get cited and then come to us. We're alternatively granting a variance that allows him to do this clearly.
 Bobbie Kling: It is not an expansion of the current business. Shall I use "existing" it is more definitive than "current"? That is part of the variance wording, is that correct?
Jay Presser: Yes.
 Ken Schulte: He needs a variance because I won't say it is an extension or expansion, but to be able to put the building up.
 Jay Presser: He probably would not if is not extension or expansion. That is how those cases got there. They just did it.
 Ken Schulte: Then they were supported after they did it.
 Bobbie Kling: Do you want this incorporated in the motion or as hardships? Just tell me which one.
 Ken Schulte: Reasons, not an extension or expansion of nonconforming use as prohibited by 361-C and to the building of a shed in the rear . . .
(Return of Record, 17).
It is clear from this excerpt that the Board believed that a variance was not required because the barn constituted a lawful intensification, not an unlawful expansion, of the non conforming use. Nevertheless, out of an understandable abundance of caution, the Board nevertheless approved the variance in order to assure that L W could proceed with the barn without subjecting itself to possible enforcement actions. The court is thus presented with the curious situation of reviewing a decision to grant a variance based on the explicit understanding that a variance was not CT Page 9078 lawfully required.
The Board's decision is sustained on either of two alternative grounds. First, a review of the record confirms that the Board's decision to approve the variance was based on an honest judgment reasonably made that the circumstances outlined by L W constitute the type of hardship sufficient to justify a variance. Ianucci v. Zoning Board of Appeals. A variance is appropriate when "adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. If, however, the hardship arises from a voluntary act on the part of the applicant, the board does not have the authority to grant a variance . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Archambault v. Wadlow, 25 Conn. App. 375,381 (1991) (internal quotations and citations omitted). Because the reasons assigned by the Board are reasonably supported by the record, the court cannot substitute its judgment for that of the Board even if it would have reached a different conclusion based on the same facts. Id.
Alternatively, the Board could have reasonably determined that the proposed barn was a lawful intensification of a valid nonconforming use and therefore not subject to a variance. "[A] mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use. A change in the character of a use, however, does constitute an unlawful extension of the prior use. In deciding whether the current activity is within the scope of a nonconforming use consideration should be given to three factors: (1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property." Zachs v. Zoning Board ofAppeals, 218 Conn. 324, 331 (1991).
The Board had before it ample evidence indicating that the barn is simply an intensification of an existing use. "For there to be an existing use, premises must be so utilized as to be known in the neighborhood as employed for a given purpose."Helicopter Associates Inc. v. Stamford, 201 Conn. 700, 713 (1986) CT Page 9079 A utilization of the property so that it may be known in the neighborhood as being employed for a given purpose . . . [prescribes] neither the extent nor the quantity nor the quality of the use which may be permitted to continue." DiBlasi v.Zoning Board of Appeals, 224 Conn. 823, 831 (1993).
The record indicates that the property in question has been used continuously for at least 50 years as a lumber yard. Construction of a barn would not alter the essential nature or purpose of the use of the property. The property's current use, even with the addition of the storage barn, would be identical with its original use as a lumber yard. Under these circumstances, this case falls squarely within the rule of Hallv. Brazzale, 31 Conn. App. 342, 349 (1993), holding that "[m]ore of the same, then, cannot be the basis for a finding of an unlawful expansion of a prior existing nonconforming use. It is, instead, the essence of a lawful intensification of a prior existing nonconforming use." Because there is ample evidence in the record upon which the Board could reasonably conclude that the construction of the pole barn was a lawful intensification of a valid nonconforming use, it's decision will not be disturbed. Id.
Accordingly, the decision of the Town of Suffield Zoning Board of Appeals is sustained on the alternative grounds that: (1) the record supports the finding of hardship necessary to authorize a variance; or (2) a variance is not required because the construction of the pole barn constitutes a lawful intensification of a valid nonconforming use.
SO ORDERED.
Robert L. Holzberg, J.