[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiff. Joseph T. Majesky, of 96 Fifth Street, Newington, Connecticut, files a complaint in two counts against Wayne T. Bell, as the Chief Building Official and Zoning Administrator for the Town of Newington (hereinafter "Bell") and the Newington Town Planning and Zoning Commission (hereinafter "Commission").
The first count alleges that Bell improperly refused to grant an application for the construction of two 2-family dwellings on adjacent lots owned by Majesky in Newington. The second count is against the Commission seeking a declaratory judgment concerning the effect and validity of § 5.1.1B of the Newington Zoning Ordinance.
The substance of plaintiffs claim against Bell is that he rendered an erroneous conclusion that a merger had occurred of the three lots in question owned by Majesky.
The essence of the plaintiff's claim against the Commission CT Page 13262 is that § 5.1.1.B of the Newington Zoning Regulations is unenforceable, unconstitutional and in direct violation of Conn. Gen. Stat. § 8-26a(b).
By way of relief the plaintiff seeks a Writ of Mandamus ordering Bell or his successor to grant plaintiffs application for a building permit for lots 4 and 5; a declaratory judgment holding § 5.1.1.B to be void and unenforceable; an injunction directing the defendants to cease implementing said provision and such other relief as the court may deem just.
 II.
The parties have stipulated that the plaintiff acquired the property as three separate contiguous lots which are on an approved subdivision plan; that the plaintiff is the current owner of the three lots; and that there is a dwelling on one lot and that at the time of construction there remained two building lots.
It is also agreed that the three lots have a width of 50 feet and a depth of 150 feet. At the time zoning was adopted in Newington, the lots were in a Residence B Zone wherein 2-family dwellings was a permitted use.
It is also stipulated that on March 16, 1995, the plaintiff applied to Bell for permits to build 2-family dwellings on lots 4 and 5; that the lots in question complied with all requirements of the zoning regulations except for the merger provision of § 5.1.1.B. Bell denied the plaintiff's application by letter dated August 4, 1995. In part, said letter states:
 The Assessor's file cards show 96 Fifth Street as one parcel of land containing Lots 3, 4 and 5, lot dimension being 150 feet by 150 feet.
 The tax bill is shown as one item which includes Lots 3, 4 and 5. There is no separation of Lots 3, 4 and 5.
 The lots collectively serve the dwelling and the land was cleared and planted with grass and is considered by me to be one lot 150 x 150 with a two family dwelling on it.
 As a result of my findings it is my opinion that no further development can take place on the Majesky property except CT Page 13263 accessory uses such as a swimming pool, garage, storage shed, gazebo, tennis court and the like. An accessory apartment may also be built by special exception."
 III.
The defendants raise the issue of exhaustion of administrative remedies by virtue of their special defense which asserts that the plaintiff failed to appeal the decision of Bell in accordance with § 8-7 Conn. Gen. Stat. and that he failed to exhaust his administrative remedies.
The plaintiff counters by stating that this is not an appeal but rather an action wherein he is seeking a Writ of Mandamus and a Declaratory Judgment as to § 5.1.1.B of the Newington Zoning Regulations. In that the gravamen of plaintiff's complaint is the validity and applicability of § 5.1.1.B, the exhaustion doctrine does not preclude his cause of action.
A writ of mandamus is proper only when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed: and (3) there is no other specific adequate remedy." Golab v. City of New Britain, 205 Conn. 17, 20 (1987).
The plaintiff in the instant case has not established that he has a clear right to have the permit issue, therefore, the Writ of Mandamus is not available to him and cannot be granted by this court.
 IV.
Bell indicated in his letter of denial dated August 4, 1995, that he had reviewed the opinion by the town attorney, discussed the matter with Edmund Meehan, Town Planner; Joseph Klett, Chairman of the Town Planning and Zoning Commission; and Keith Chapman, Town Manager and that as a result, he finds that lots 3, 4 and 5 have merged since June 25, 1921.
As a factual basis for his conclusion of merger, Bell found that the assessor's cards show lots 3, 4 and 5 as one lot being 150 feet by 150 feet. Also the tax bill shows one item which includes lots 3, 4 and 5. And further, Bell found that three lots serve one dwelling and that the property was cleared with grass CT Page 13264 and is considered by him to be one lot.
Plaintiff not only disagrees with Bell's conclusion, but further alleges that Bell did not resort to § 5.1.1.B because of its questionable applicability, effect and validity by virtue of the town attorney's opinion, thereby arguing that Bell had sought to circumvent § 5.1.1.B because of concern of its status.
However, the court finds that the record shows that Bell did not base his denial on said section but rather on a factual finding he rendered. Therefore, § 5.1.1.B was not directly resorted to and its status is not before the court and the court cannot, under the facts of this case, render a declaratory judgment thereon and accordingly declines to do so.
The plaintiff also alleges that Bell made erroneous finding of fact in concluding that a merger of the lots existed. Further, plaintiff contends that Bell made a factual finding of merger rather than resort to § 5.1.1.B. Since the result of this decision will likely result in the plaintiff making a new application or having the denied one reconsidered, the court finds that pursuant to the plaintiff's request for such other relief as the court deems just, the court should and will rule on the actions of Bell in denying the application in question.
 V.
Contigious land all owned by the same property owner does not require a finding of unity. A parcel could consist of more than one lot, Schultz v. ZBA, 144 Conn. 332 (1957).
Merger is a question of intent, namely does the property owner intend contigious parcels to form one tract, Iannucci v.ZBA, 25 Conn. App. 85 (1991). The owners intent may be inferred by his conduct regarding the land and the use he makes of it. The issue of an owners intents is a factual one to be determined by the trier of fact. The determination should be fact specific and not just be conclusory.
The only conduct of the plaintiff that Bell found as stated in his letter of denial, was the finding that the lots collectively serve the dwelling and that the land was cleared and planted with grass. How the property is handled by municipal tax departments does not reflect the intent of the landowner. The tax CT Page 13265 determination is a matter outside his control, Molic v. Zoning Boardof Appeals, 18 Conn. App. 159 (1989). Taxation of contigious parcels by the assessor's office does not compel a finding of merger.
Some factors that have been found to be indicative of a merger are if the building is built on a building line, Iannucci, supra; clearing the property of trees and using part of the lawn for a building on a contigious lot, Torsiello v. ZBA,3 Conn. App. 47; using a driveway that crosses one lot to serve another,Marino v. ZBA, 22 Conn. App. 606. None of these factors have been found by Bell in his letter of denial.
The court must review the record to determine if it supports the conclusions of Bell. The salient exhibit is the letter by Bell dated August 4, 1995. Bell, in a conclusory manner states, "The lots collectively serve the dwelling and the land was cleared and planted with grass and i considered by me to be one lot. . . ." The letter states general conclusions without sufficient facts to support it. Bell does not indicate how the two lots serve the lot with the building. Also there is no indication whether Bell visited the site and if so with whom. A site visit, if not done, may be necessary to thoroughly evaluate the property. Also a site visit should involve the parties and their attorneys. Fundamental fairness might require that the proper zoning authority visit the site and that should be reflected in the record.
The court finds that the record is inadequate to justify Bell's conclusion. The determination of merger is not reasonably supported by the record. Accordingly, that conclusion should not be allowed to remain on the record.
Therefore, the effect of this decision is to nullify the conclusion that there is a unity of the property in question. This is not to say that no merger occurred. The plaintiff is left to pursue his application anew without any negative impact of a prior denial appearing on the record.
As to any further proceedings before the proper Newington zoning authority on plaintiff's subsequent application, the effect, application and validity of § 5.1.1.B. of the zoning regulations should be determined. Also to be established is who is the proper zoning authority, i.e. the zoning enforcement officer/building inspector or Zoning Board of Appeals, to decide the issue of merger as to the plaintiff's application. Further, CT Page 13266 it should be considered if a site inspection would be appropriate. Finally, it should be determined whether a public hearing is required where notice would be given and testimony presented.
Accordingly, the finding of merger by Bell is set aside and the plaintiff may proceed anew on his application to obtain building permits for two 2-family dwellings on the property is in question.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT