[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4260
This is an appeal from a decision of the Zoning Board of Appeals of the City of Hartford (hereinafter "ZBA"), denying plaintiff's application for a variance to the Hartford Municipal Code § 35-941(b)(11) prohibiting "parking of any vehicle on a lot between any established building line and the street line in any zoning district."
The facts are as follows: The plaintiff is a 270 bed convalescent home on Lorraine Street in Hartford. It was permitted to be constructed in 1975 by the planning and zoning committee of the Hartford City Council in a special development district allowing 54 on-site parking spaces provided the owners landscaped the frontage on Loiraine Street. Subsequent amendments to the zoning regulations required the 270 bed convalescent home to have 68 off-street parking spaces. As a consequence, plaintiff's facility became a non-conforming use. From 1975 to 1996 the plaintiff operated the convalescent home with 54 parking spaces. However in 1996 the plaintiff expanded its on-site parking to include 19 additional spaces, without first obtaining the necessary permits and approval. These 19 additional parking spaces were located between the building line and street line on Lorraine Street in violation of § 35-941(b)(11) of the Hartford Municipal Code. On August 25, 1997, the plaintiff requested a variance from the aforesaid provision of the Hartford Municipal Code to allow 15 parking spaces for a total of 69.[1] In its application, plaintiff stated the hardship that prompted the application was "to augment staff parking and alleviate congestion on Lorraine Street; to create better access for emergency vehicles."
At a hearing held by the ZBA on October 7, 1997, the following evidence was adduced: Lorraine Street has one-way traffic with alternate-day parking on each side of the street. Traffic is heavy, and when people unlawfully double park, becomes congested. The staff of the commission on the city plan supported the variance to allow parking forward of the building line provided the applicant demonstrated alternative off-site parking locations have been investigated to accommodate the parking flow, and a CT Page 4261 maximum of eight parking spaces be allowed forward of the building line. The primary grounds plaintiff's representative asserted at the hearing for the variance was that plaintiff was already non-conforming under the present zoning regulations requiring 68 parking spaces, and allowing the variance to permit parking between the building and street line would be a less offensive non-conforming use. Evidence was also adduced that an apartment house near plaintiff's convalescent home would rent parking spaces to the plaintiff but plaintiff's representative stated that because it was in receivership and in financial straits, it could not afford to pay for these spaces.
At the hearing neighbors vigorously opposed allowing a variance to permit parking between the building and street lines because it would effect the sight lines of traffic and diminish the values of properties on the street.
One board member, Commissioner Bobowski, stated that he was a member of the West End Civic Association when the plaintiff first applied for the special development district permit and knew the neighborhood at the time did not want the facility. He was very familiar with the area, knew that it was very congested, and was concerned with "problems with sight lines and dangerous situations and there are a lot of kids in the area." He further said he didn't think a variance was going to solve plaintiff's problems because it needed off-site parking and added, "I don't care if your employees like it or they don't like it or whether your doctors are prima donas and can't walk through what they perceive as an unsafe neighborhood. The fact of the matter is you need irrespective of what we approve here, you need off-site remote parking for this facility because you have too darn many beds for the amount of parking you have."
On October 21, 1997, the ZBA issued its decision denying plaintiff's application "because no hardship according to § 35-124 of the Hartford Zoning Ordinance was proven." That section provides that the ZBA shall have the power to grant variances from the strict application of Hartford's Municipal Code "when by reason of exceptional narrowness, shallowness, shape or sub-standard size of specific parcels of property, or by reason of exceptional topographic conditions or other extraordinary situations or conditions of specific parcels of property, the strict application of these regulations or amendments thereto would result in unusual difficulty or unreasonable hardship upon the owner of such property; . . . For CT Page 4262 granting a variance on the basis of unusual difficulty or unreasonable hardship there must be a finding by the board that:
 a.) If the owner complied with the provisions of this chapter, he would not be able to make any reasonable use of his properties,
 b) The difficulties or hardships are peculiar to the property in question in contrast with those of other properties in the same district,
 c) The hardship was not the result of applicant's own action and
d) The hardship is not merely financial or pecuniary."
The court finds that the plaintiff is statutorily aggrieved in that it owns real property that is the subject of the ZBA decision. Smith v. Planning and Zoning Board, 203 Conn. 317, 321
(1887); Nick v. Planning and Zoning Commission, 6 Conn: App. 110, 112-13 (1986).
The legal standards governing this appeal are well established. A zoning board of appeals has the power to grant a variance under Connecticut General Statutes § 8-6(3) when "literal enforcement of [zoning] regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare are secured, . . ."
The cases emphasize that the granting of a variance must be reserved for unusual or exceptional circumstances. Ward v. ZoningBoard of Appeals, 153 Conn. 141, 145 (1965) and proof of hardship is a condition precedent. Point 0' Woods v. Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365 (1979).
"Upon an appeal from the granting of a variance . . . the court may not substitute its own discretion for that of the board. It may interfere only if the board acted arbitrarily or illegally or so unreasonably as to have abused its discretion." CulinaryInstitute of America. Inc. v. Board of Zoning Appeals,143 Conn. 257, 262 (1956). Credibility of witnesses and the determination of factual issues are matters within the province of the zoning board of appeals. Stankiewicz v. Zoning Board of Appeals of theTown of Montville, 15 Conn. App. 729 (1988). If the reasons assigned by the board are reasonably supported by the record, and CT Page 4263 are pertinent considerations for granting or denying a variance, the decision must be upheld. Iannucci v. Zoning Board of Appeals,25 Conn. App. 85 (1991).
The plaintiff appeals on the following grounds: (1) plaintiff's request to substitute an established non-conformity of fewer spaces than the regulations required of off-street parking with a less offensive non-conformity of the prohibition of parking between building and street line is permissible as a matter of law; (2) the record reasonably supports plaintiff's variance request and the ZBA's decision denying plaintiff's request is illegal, arbitrary and constitutes an abuse of discretion; (3) one member of the ZBA predetermined the application before the commission and failed to exhibit the open mindedness and sense of fairness required of zoning officials. The court finds that each of these grounds are without merit.
For plaintiff's first contention that a less offensive non-conforming use must be substituted for an existing non-conformity as a matter of law, plaintiff relies uponAdolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988). In that case, the town of Fairfield zoning board of appeals granted a variance to allow the applicant to convert the property from its non-conforming use as a foundry to a non-conforming use as an automobile repair shop. Affirming the zoning board of appeals' decision, the trial court found that the use of an automobile repair shop was "far less offensive to the surrounding residents than a foundry." The Supreme Court, in affirming the decision below, noted the finding of the trial court, but rested its decision primarily on the grounds that the zoning board of appeals did not usurp the function of the planning and zoning commission, the applicant had proven unusual hardship and the variance did not substantially affect the comprehensive zoning plan, and the variance was not confiscatory and legally unpermissable. The case certainly does not stand for the proposition that a less offensive non-conformity must be substituted for an existing non-conformity as a matter of law. The case is distinguishable from the instant case on two grounds: first, the court in Adolphson was dealing with the granting of a variance by a zoning board of appeals in contrast to the ZBA denying a variance in this case; second, the trial court made a finding that the applied-for variance was less offensive than the existing variance, while no such finding was made by the ZBA in this case and would not be made by this court. Rather, this court would make precisely the opposite CT Page 4264 finding: namely, that granting parking between the building and street lines is a far greater violation of the character of the neighborhood and a more offensive non-conformity than permitting the plaintiff to exist with fewer parking spaces than required by the zoning regulations.
Plaintiff's second contention is that the record supports plaintiff's variance request and the ZBA's decision to deny the request is illegal, arbitrary and constitutes an abuse of a discretion. The record indicates evidence on both sides of the issue of what impact allowing piaintiff to violate the building line parking restrictions would have upon traffic on Lorraine Street and on the neighborhood. There was ample evidence to support the decision of the ZBA that plaintiff had not established hardship in compliance with § 35-124 of the Municipal Code.
Specifically, based on the record, the ZBA could reasonably have found: 1) plaintiffs are able to make reasonable use of its property without the requested variance, in that it has existed since 1975 as a 270 bed convalescent home with 54 parking spaces; 2) the difficulties or hardships alleged by the plaintiffs are not peculiar to the property in question when compared with other properties in the same district, in that the prohibition against building to street line parking affects all properties in the city and is uniformly applied throughout the city; 3) while it cannot be said that the hardship in this case is the result of plaintiff's own action, the hardship is certainly financial or pecuniary because other off-street parking in the vicinity is available to plaintiff but plaintiff is unwilling to pay for it due to its own financial condition.
Thus, this court concludes that plaintiff has failed to show that the ZBA's decision was arbitrary, unreasonable or an abuse of discretion.
The plaintiff asserts that one of the members of the board pre-determined the case and acted in a biased manner. Neutrality and impartiality of members are essential to fair and proper decision-making by zoning boards, Ciofoletti v. Planning andZoning Commission, 209 Conn. 544, 553-554 (1989). The facts here are that Mr. Bobowski, a member of the ZBA, was familiar with the neighborhood and the congestion in the area of plaintiff's facility. As a member of a neighborhood group he had originally opposed the construction of the facility but then sought to CT Page 4265 improve its design to make it more compatible with the neighborhood He expressed the opinion at the hearing that the variance requested would endanger sight lines on Lorraine Street and might be dangerous.
It is recognized that zoning commission members are allowed to have an opinion concerning the proper development of their communities. Furtney v. Zoning Commission, 159 Conn. 584, 594
(1970). The transcript reveals that Mr. Bobowski was truly concerned with the traffic and safety issues raised by the application. These were concerns he was entitled to have. They do not show him to be so biased as to violate the standards of fairness required of zoning officials.
Plaintiff has the burden to prove pre-determination and to do so must show that Mr. Bobowski was irrevocably committed to opposing plaintiff's application no matter what the evidence produced. Furtney v. Zoning Commission, supra, p. 594-95. The plaintiff has not met that burden of proof. The issue before the ZBA was whether the city regulations should be waived to allow the parking of motor vehicles between the building and street lines. There is no evidence that Mr. Bobowski ever formed an opinion prior to the hearing on that issue.
Based on the foregoing, the appeal is dismissed.
Robert Satter Judge Trial Referee