FRANK L. MILLER III *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WESTPORT
(12575)

O'CONNELL, FOTI and LAVERY, Js.

Argued March 31—decision released September 20, 1994

*John F. Fallon,* with whom was *Matthew M. Hausman,* for the appellant (plaintiff).

*Patricia E. Curtin,* for the appellee (defendant).

LAVERY, J. The plaintiff appealed to the trial court from the denial by the Westport zoning board of appeals (board) of his request for a variance. On appeal to this court, the plaintiff claims that the trial court improperly found that the board had not abused its discretion in denying the variance. The dispositive issue is whether

the board and the trial court correctly concluded that the plaintiff's property had merged with an adjoining property that the plaintiff once owned. We reverse the judgment.[1]

The plaintiff owns an undeveloped lot at 5 Winding Lane in Westport. The plaintiff bought the property in 1980 from Buddy B., Inc. At the same time, the plaintiff bought an adjoining lot that had been conveyed with the first lot since 1965. The sole access to the plaintiff's property is a twenty-one foot wide right-of-way from the west side of Winding Lane, known as Winding Lane West, that also serves two lots to the north of the plaintiff's property. This right-of-way was first mapped when the plaintiff's property was conveyed in 1942. It was recorded on August 15, 1958. The plaintiff's property is located in an area zoned for residential use, in which lots are required to be no smaller than one acre and shaped so that a 150 foot square can be inscribed within the property.[2] The plaintiff's lot is one acre in area but is shaped in such a way that the largest square that can be inscribed on the property measures 144.47 feet.

In 1982, the plaintiff sold the adjoining lot and its residence to the Johnsons (Johnson lot). When the plaintiff attempted to sell the property in question in 1991, the Westport director of planning and zoning informed the prospective purchaser that the lot did not comply with the zoning regulations because it could not accommodate a 150 foot square.[3] The planning director also

---

[1] Because our resolution of this issue requires a remand for a new hearing, we need not consider the plaintiff's other claims.

[2] Westport zoning regulations § 12-3 provides: "Each lot shall have a minimum of one (1) acre (43,560 square feet) and shall be of such shape that a square with one hundred fifty (150) feet on each side will fit on the lot."

[3] The Westport planning and zoning director issued her opinion in a letter to the buyer in which she explained her reasoning as follows:

stated that the parcel was not in compliance with the right-of-way width requirements because more than one lot was being served by Winding Lane West. The sale was not completed.

The plaintiff then applied to the board for a variance of both the shape requirement and the access requirement. After a public hearing, the board denied the plaintiff's application because the board found that there was insufficient hardship and that any hardship that may have existed was self-created. The plaintiff appealed that decision to the Superior Court, which upheld the board's finding that the hardship was self-created. The trial court also found that the merger doctrine applied and that the plaintiff failed to prove that the board's denial effected an unconstitutional taking. This appeal followed.

The record reveals that the trial court and the board believed that the plaintiff's property had merged with the Johnson lot in 1956. The planning director based her opinion that the plaintiff's property was not a conforming lot, at least in part, on her belief that the two properties had merged. The transcript of the public hearing reveals that the board operated on the assumption that the two properties had merged. Finally, the

---

"This lot is not in compliance with the Westport zoning regulations, therefore no zoning certificate of compliance can be issued for the following reasons:

"1. The lot shape is non-conforming, since a 150' x 150' square will not fit on to this lot.

"2. The lot did not meet the zoning standards in existence at the time it was created.

"According to Section 2 (k) of the September 8, 1930 (including amendments to 12/8/42) Westport zoning regulations there shall not be more than one house for a 20' wide easement or right-of-way. The right-of-way leading to [the plaintiff's property] also serves as an accessway to Lot 78.

"3. In 1971 [the plaintiff's property] was under the same ownership as an adjacent lot [the Johnson lot]. Both lots were owned by Buddy B. Inc. Since [the plaintiff's lot] was nonconforming as to lot shape and undeveloped it merged with [the Johnson lot]."

trial court specifically found that merger had occurred and based its analysis of hardship on that belief.

Building lots in Westport must be no smaller than one acre, and must be shaped in such a way that a square with 150 foot sides could be drawn within some portion of the property. The record reveals that the plaintiff's property satisfies the size requirement, but fails to satisfy the shape requirement. The largest square that could be inscribed within the plaintiff's property measures 144.47 feet per side. Thus, the plaintiff's property is nonconforming.

Merger in Westport is governed by § 6-3.2 of the zoning regulations. That section provides that adjoining lots merge if (1) they were owned by the same person on or after March 24, 1952, (2) one or both lots are undeveloped, (3) one or both lots do not conform to the area and shape requirements of the zoning regulations, and (4) if "taken together [the resulting combined lot] would . . . more nearly [meet] the requirements of [the] regulations with regard to lot . . . shape . . . ."[4] The plaintiff's property was owned by the owner of the Johnson lot on March 24, 1956. It remains undeveloped, and fails to conform with the shape requirements of the zoning regulations. Thus, the trial court concluded that the plaintiff's property satisfied the first three requirements for merger.

The board appears to have assumed that the plaintiff's property also satisfied the fourth requirement; the trial court explicitly found so. The trial court based its

---

[4] Westport zoning regulations § 6-3.2 provides in pertinent part: "If two or more adjoining lots of record, one or more of which are undeveloped and fail to meet the requirements of these regulations with regard to lot area and/or lot shape, were in the same ownership on March 24, 1956 or subsequent date, and if such lots taken together would form one or more lots, each more nearly meeting the requirements of these regulations with regard to lot area and lot shape, such lot or lots shall merge and shall no longer be considered legally existing as separate lots . . . ."

ruling on the fact that if the two properties were considered together, two 150 foot sides of a "square" could be inscribed in the lot. The trial court appears to have believed that a "square" with two 150 foot sides and other shorter sides more nearly approximates a 150 foot square. The trial court concluded that the result of combining the plaintiff's property and the Johnson lot would more nearly conform to the shape requirement. Therefore, the merger provision was invoked and the two properties merged.

Our review of the record and the applicable regulations, however, convinces us that the two properties never merged, thus undermining the basis for the trial court's hardship analysis. In order for the merger provision to apply, the result of the combined lots must "more nearly" permit a 150 foot square to be inscribed within it. In considering whether the combination of the plaintiff's property and the Johnson lot would more nearly conform to that regulation, we must interpret the 150 foot square requirement. We interpret and construe local ordinances according to the principles of statutory construction. *Czajkowski* v. *Planning & Zoning Board,* 14 Conn. App. 283, 288, 540 A.2d 716 (1988). We construe words and phrases according to the commonly approved usage of the language. General Statutes § 1-1 (a). Where an ordinance does not define a term, we look to the common understanding expressed in dictionaries. See *Southington* v. *State Board of Labor Relations,* 210 Conn. 549, 561, 556 A.2d 166 (1989).

A square is defined as "a rectangle with all four sides equal." Webster's Third New International Dictionary. A rectangle is defined as "a parallelogram all of whose angles are right angles." Id. A parallelogram is defined as "a quadrilateral with opposite sides parallel." Id. Finally, a quadrilateral is defined as "a plane figure of four sides and consequently four angles." Id. These

definitions lead us to the following conclusion: a square is a plane figure of four equal sides and four right angles.

Thus, the combination of the plaintiff's property and the Johnson lot would invoke the merger provision if the resulting combined lot could accommodate a figure of four sides and four right angles larger than 144.47 feet. The trial court ruled that a figure with two 150 foot sides more nearly conformed to the requirement of four 150 foot sides with right angles. We do not agree. What the trial court actually described is a hexagon[5] with two sides 150 feet long, one side 144.47 feet long, and three shorter sides. We conclude that a hexagon that encompasses more area than a square does not more nearly conform to a regulation that requires a square. The regulation at issue does not merely concern size; lots must be at least one acre *and* shaped a certain way. A five acre lot would satisfy the size requirement but would still not comply with the shape requirement if it was not wider than 149 feet.

Dashed lines complete hexagon that trial court described as more nearly conforming to the 150 foot square requirement

Johnson Lot

---

[5] A hexagon is defined as a "plane polygon of six angles and therefore six sides." Webster's Third New International Dictionary.

There was no evidence in the record before the trial court, nor any evidence before the board, that the combination of the plaintiff's property and the Johnson lot could accommodate a square larger than 144.47 feet. Because a combination of the plaintiff's property and the Johnson lot would not have conformed more nearly to the square requirement, the merger provision was never invoked.

The defendant argues for the first time on appeal that the combination of the plaintiff's lot and the Johnson lot did more nearly conform to the square requirement because a square with 149 foot sides can be inscribed entirely within the Johnson property. Thus, the board asserts that, when the lots are combined, a square measuring 149 feet can be inscribed in the resulting combined lot and, because a 149 foot square more nearly conforms to the 150 square requirement, the merger provision is invoked. The board's assertion, however, is without basis in the record. There was no evidence presented to the board regarding the size of the Johnson lot. Likewise, there was no evidence in the record on which the trial court could have based a ruling that the Johnson lot could accommodate a 149 foot square. The function of an appellate court is to review a case on the theory on which it was tried and decided. *Archambault* v. *Wadlow,* 25 Conn. App. 375, 378–79, 594 A.2d 1015 (1991). Since the record provides no support for the board's claim, and since it was not raised below, we cannot entertain that claim. See id.

Because the merger provision was never invoked, the lots did not merge. Thus, the plaintiff owned a separate, nonconforming lot. If it had been in use prior to the adoption of the shape requirement, the nonconforming use would be protected from later zoning regulations by General Statutes § 8-2.[6] Because the property

---

[6] General Statutes § 8-2 (a) provides in relevant part: "Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."

has not yet been developed, however, the plaintiff's property was not in use and is not exempt from the shape requirement. *Sherman-Colonial Realty Corp.* v. *Goldsmith,* 155 Conn. 175, 183, 230 A.2d 568 (1967); *Johnson* v. *Zoning Board of Appeals,* 35 Conn. App. 820, 825, 646 A.2d 953 (1994). If the plaintiff's property was part of a valid subdivision approved prior to adoption of the lot shape requirement, the plaintiff's property would be exempt from the shape regulation. General Statutes § 8-26a (b);[7] see *Johnson* v. *Zoning Board of Appeals,* supra, 824. The plaintiff's property, however, was never part of a subdivision. The chain of title reveals that the plaintiff's property was always a separate and distinct parcel and was not a part of any subdivision. Thus, the shape requirement applies to the plaintiff's property, and the property is not a legal nonconforming lot.

Therefore, the only way the plaintiff could avoid application of the shape requirement would be by a variance, which the plaintiff sought. The board denied the plaintiff's application on the ground that his property had been merged with the Johnson lot. The board concluded, in light of that presumption, that the plaintiff had created his own hardship by selling the Johnson lot. The trial court agreed with this assessment.

Because the board and the trial court based their rulings on an incorrect application of law, the plaintiff has never received a hearing on his application for a variance without reference to the Johnson lot. The proper-

---

[7] General Statutes § 8-26a (b) provides: "Notwithstanding the provisions of any general or special act or local ordinance, when a change is adopted in the zoning regulations or boundaries of zoning districts of any town, city or borough, no lot or lots shown on a subdivision plan for residential property which has been approved, prior to the effective date of such change, by the planning commission of such town, city or borough, or other body exercising the powers of such commission, and filed or recorded with the town clerk, shall be required to conform to such change."

ties never merged; the plaintiff has the right to an opportunity to attempt to demonstrate hardship on the basis of his property alone, without reference to the Johnson lot.

Similarly, the plaintiff never received a hearing on his application for a variance from the access requirement without reference to the Johnson lot. The board based its ruling on the application for access variance at least in part on its assumption that the hardship was self-created due to the merger of the plaintiff's lot and the Johnson lot. Again, the plaintiff is entitled to an opportunity to demonstrate that he will suffer hardship by the application of the access requirements to his property alone.

The judgment is reversed and the case is remanded with direction to render judgment remanding the case to the Westport zoning board of appeals for a hearing on whether the plaintiff's lot, standing alone, warrants a variance from the application of the shape and access requirements.

In this opinion the other judges concurred.