[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Masiello, appeals two decisions of the Zoning Board of Appeals of the Town of Westport (ZBA) denying two applications, the first (Application No. 4913) seeking a waiver or variance of the lot area and shape requirements to permit the division of a two acre parcel into two separate parcels, one of which does not meet the area and shape requirements, and the second (Application No. 5124) seeking the same. The two cases were consolidated into this appeal.
On March 15, 1994, Richard Masiello filed an application with the ZBA seeking a variance of lot area and shape requirements. (Return of Record-94 [ROR], Item 20: Application No. 4913). The plaintiff sought to divide a two-plus-acre residential parcel into two one-plus acre parcels, one of which did not meet the area and shape requirements because of wetlands. (ROR-94, Item 20). A public hearing was held on May 10, 1994 (ROR-94, Item 6: Minutes of Hearing), and continued to May 24, 1994 (ROR-94, Item 6: Meeting of Work Session). The board denied the application on March 24, 1994. (ROR-94, Item 6.) The plaintiff filed another application (#5124) on April 28, 1995 seeking the same relief. (ROR-95, Item 15: Application). A public hearing was held on June 27, 1995. (ROR-95, Item 6: Minutes.) The board denied the application on June 28, 1995. (ROR-95, Item 6: Meeting of Work Session.)
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377. CT Page 5284-OOOOOOOOO
I. Aggrievement
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739
n. 12, 626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of the board. . . ." General Statutes § 8-8(a)(1).
At the hearing held on May 8, 1996, the plaintiff established that he is aggrieved by the decision of the ZBA because he is the owner of the property in question. See Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991); Bossert Corporation v. City of Norwalk,157 Conn. 279, 253 A.2d 9 (1968).
II. Timeliness
Under General Statutes § 8-8(b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." On June 1, 1994, the denial of Application No. 4913 was published in the Westport News. (ROR-94, Item 2: Legal notice of decision). Pursuant to General Statutes § 8-8(e), service was made on Joan Hyde, Town Clerk of Westport, and on Joanne Leaman, Chairman of the ZBA on June 15, 1994. On July 5, 1995, the denial of Application No. 5124 was published in the Westport News. (ROR-95, Item 2: Legal notice of decision.) Service was made on Joan Hyde, Town Clerk of Westport, and on Joanne Leaman, Chairman of the ZBA on July 14, 1995. The plaintiff's appeal was timely.
SCOPE OF JUDICIAL REVIEW
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBeradinis v. Zoning Commission,228 Conn. 187, 198, 635 A.2d 1220 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnership v. Planning ZoningCommission, supra, 218 Conn. 72. "The burden of proof to CT Page 5284-PPPPPPPPP demonstrate that the board acted improperly is on the plaintiffs." (Internal quotation marks omitted.) Adolphson v.Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) ConnecticutResources Recovery Authority v. Planning Zoning Commission,225 Conn. 731, 744, 626 A.2d 705 (1993). "Where a zoning board of appeals does not formally state the reasons for its decision . . . the trial court must search the record for a basis for the board's decision." Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 743,626 A.2d 705 (1993).
DISCUSSION
The plaintiff appeals the decision of the ZBA on the grounds that the ZBA acted illegally, arbitrarily, and in abuse of its discretion in denying the application in the following regards: 1) the board made no finding as to whether the variance would affect substantially the comprehensive zoning plan, and 2) the strict letter of the zoning regulations would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan, and therefore the board should have found hardship.
General Statutes § 8-6 (a)(3) governs the granting of variances.[1] A variance should be granted sparingly and only in circumstances where the specified requirements are fully complied with. Kaeser v. Zoning Board of Appeals, 218 Conn. 438,445, 589 A.2d 1229 (1991). Two conditions must be satisfied in order for a variance to be granted: 1) the variance is shown not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Francini v. ZoningBoard of Appeals, 228 Conn. 785, 790, 639 A.2d 519 (1994). "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise for circumstances of conditions beyond the control of the property owner." (Citation omitted). Polland v. ZoningBoard of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982).
The board made no finding, and there appears to be no support CT Page 5284-QQQQQQQQQ in the record, for a finding that the application substantially affects the comprehensive zoning plan. However, the application must meet both conditions to be approved. Francini v. ZoningBoard of Appeals, supra.
The plot at issue does not meet the area requirements because 80% of the wetlands must be subtracted, (ROR-94, Item 6) and it does not meet the shape requirements because of a building on the property.[2] (Plaintiff's Memorandum of Law, p. 3). The applications were denied because the board did not find hardship (ROR-94, Item 6; ROR-95, Item 6). The plaintiff stated at the first hearing that hardship was due to the fact that when the original property was developed in 1700 it was in Fairfield and is now in Westport, that the hardship is imposed by the shape rule of the regulation, that the structures existed before the regulations were in effect. (ROR-94, Item 6.) In his brief, the plaintiff further argues that the purpose of the application is to allow the plaintiff to subdivide the property to allow for separate ownership, and the affect of the zoning regulation as applied to his land is to regulate the ownership of the property. Where application of the ordinance bears little relationship to the purpose of zoning, the regulation is arbitrary. Lastly, the plaintiff argues that the denial of the application could severely restrict the plaintiff's ability to sell the property.
The defendant responds that the plaintiff failed to establish a hardship. The lot could be subdivided into two lots of legal size, but to do so the plaintiff would have to either remove the pool or assign it to the secondary residence. This is a financial, and self-created hardship.
The plaintiff alleges, and cites cases for the proposition, that zoning is primarily concerned with the use of property, not ownership. The enabling statute, General Statutes § 8-2
provides that zoning regulations shall be "designed to lessen congestion on the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population. . . ." The Town of Westport echoed this provision in its statement of legislative intent. Area requirements are intended to limit density. R. Fuller, Land Use Law and Practice, § 4.29 (1993). Shape requirements are enacted "to prevent unusually shaped lots and to avoid the necessity for setback variances in order to locate buildings on the lots." R. Fuller, CT Page 5284-RRRRRRRRR § 4.3. The court has upheld zoning laws requiring that a shape of a certain dimension fit within the lot. Baron v.Planning and Zoning Commission of Town of Haddam, 22 Conn. PP. 255, 257, 576 A.2d 589 (1990); see also Miller v. Zoning Board ofAppeals, 36 Conn. App. 98, 104, 647 A.2d 1050 (1990). The requirement, as applied to the defendant, prohibits the creation of an undersized, peculiarly-shaped parcel, a concerned voiced by the members of the committee. (ROR-94, Item 6: McClellan: "Don't like creating non-conforming lot"; ROR-95, Item 6: Herman: "This is not now a separate lot — we would be creating a non-conforming lot size and shape.". . . Leaman: "We would be creating a nonconformity. We should not do that.") The application of the regulation clearly meets the purpose of the statute and is therefore not illegal or arbitrary.
The plaintiff has also claimed that there is undue hardship. There is no support on the record for the argument, brought up only in the memorandum of law, that the value of the property would be decreased, and it would be difficult to sell the property. Furthermore, financial loss does not constitute hardship unless it amounts to confiscation. Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). There was no evidence of loss tantamount to confiscation. The plaintiff states that the buildings were erected prior to the zoning regulations, however the buildings have little to do with the second lot being undersized. As the defendant alleges, because the regulations permit 8, 712 square feet to be included in a lot, the plaintiff could divide his property into two lots of allowable size, but did not choose to do so. (ROR-95, Item 8, 9.)
CONCLUSION
For all the foregoing reasons, both of the plaintiff's appeals are dismissed.
RYAN, J.