JAMES AZZARITO ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF
NEW CANAAN ET AL.
(AC 22566)

Lavery, C. J., and Bishop and West, Js.

Argued October 15, 2002—officially released September 23, 2003

*Robert A. Fuller*, with whom was *Louis S. Ciccarello*, for the appellants (defendants).

*Robert F. Maslan, Jr.*, for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendants, the planning and zoning commission of the town of New Canaan (commission) and John A. Kessler, appeal from the judgment of the trial court sustaining the plaintiffs'[1] administrative appeal from the commission's granting of Kessler's subdivision application. On appeal, the defendants claim that the court improperly concluded that the subdivision plan did not meet any of the exceptions to the commission's regulations governing adequate width frontage on a public highway. We affirm the judgment of the trial court.

---

[1] The plaintiffs are James Azzarito, Susan W. Azzarito, George B. Harvey, Elizabeth V. Harvey, Edward T. Walsh and Patricia A. Walsh. Kessler filed a motion to dismiss the administrative appeal as to James Azzarito, Susan Azzarito, George Harvey and Elizabeth Harvey on the ground that they were not statutorily or classically aggrieved. The court denied the motion and concluded that those plaintiffs were statutorily aggrieved pursuant to General Statutes § 8-8 because they own land that abuts or is within 100 feet of Wing Road in its entirety, which is the land involved in the decision of the commission. Edward Walsh and Patricia Walsh owned property that abutted Kessler's property.

In 1961, the commission approved a three lot subdivision of an 18.872 acre parcel owned by Jane B. Glidden. One of those lots was parcel B, containing 6.959 acres. Kessler became the owner of the 6.959 acres in 1985, which is situated in a two acre residential zone.[2] On January 24, 2000, Kessler submitted a subdivision application to the commission seeking to divide his land into two parcels. Parcel 170 would have its entire width on Wing Road, a private road. Parcel 171 would have thirty feet of width on Wing Road and 227 feet along an accessway that serviced the property of Edward T. Walsh and Patricia A. Walsh. The commission unanimously approved Kessler's subdivision application with modifications on April 25, 2000. In doing so, the commission found that Wing Road was a private road with a right of way of fifty feet. The plaintiffs filed in the trial court an administrative appeal, which the court sustained because there was no substantial evidence that supported the commission's determination that Kessler's subdivision plan conformed with the New Canaan zoning regulations concerning width on a public highway or met any of the four exceptions to that requirement as set forth in § 60-14.5 of the New Canaan zoning regulations. This appeal followed.

Chapter 55, article IV, §§ 55-4.1 to 55-4.24, of the New Canaan subdivision and street regulations sets forth the standards and requirements for a subdivision. Section 55-4.11 requires that the lot arrangement of the proposed subdivision comply with the regulations and ordinances of New Canaan.[3] See also New Canaan Zoning

[2] Although there is no map that depicts the fact that Kessler's property was located within a two acre residential zone, the parties agreed that it was so situated.

[3] Chapter 55, article IV, § 55-4.11, of the New Canaan subdivision and street regulations provides in relevant part: "The lot arrangement shall be such that there will be no foreseeable difficulties . . . in securing building permits to build on all lots in compliance with the regulations and ordinances of the town and in providing driveway access to buildings on such lots from an existing street or a street approved by the Commission."

Regs., c. 60, article XIV, § 60-14.3 (no land shall be divided resulting in noncompliance with zoning regulations). Furthermore, General Statutes § 8-26 prohibits a commission from approving a subdivision that conflicts with applicable zoning regulations.[4] One of the zoning regulations that must be satisfied is that each proposed zone unit have a width of 225 feet on a public highway.[5] New Canaan Zoning Regs., c. 60, article XIV, §§ 60-14.2, 60-14.5; schedule of residential zoning requirements of the zoning regulations of the New Canaan. Specifically, § 60-14.5 of the New Canaan zoning regulations provides in relevant part: "In residential zones, no zoning permit will be issued for the construction of a residence . . . unless the required minimum width for the zone involved, as set forth in § 60-14.2 of these regulations, shall be upon a public highway . . . ." There exist four exceptions to the width requirement. Although neither parcel satisfies the width requirement, the defendants argue that the first three exceptions are met by the subdivision plan, and, therefore, there was substantial evidence to support the commission's approval of the subdivision.[6] The defendants further argue that the court improperly sustained the plaintiffs' appeal because the court was not allowed to substitute its own judgment for that of the commission. We disagree.

"It is axiomatic that a planning commission, in passing on a resubdivision application, acts in an administra-

---

[4] General Statutes § 8-26 provides in relevant part that "nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations. . . ."

[5] Chapter 60, article XXV, § 60-25.1, of the New Canaan zoning regulations defines "zone unit" as "a plot of land having the minimum width and area required by the schedule for a conforming use in any zone."

Chapter 60, article XXV, § 60-25.1, of the New Canaan zoning regulations defines "width" in relevant part as "the dimension of the plot generally parallel to the street front . . . ."

[6] The defendants do not claim that the fourth exception to the width requirement set forth in chapter 60, article XIV, § 60-14.5 (D), of the New Canaan zoning regulations was met by their subdivision plan.

tive capacity and is limited to determining whether the plan complies with the applicable regulations. . . . It is equally axiomatic that the trial court, in reviewing the action of a planning commission regarding a resubdivision application, may not substitute its judgment on the facts for that of the planning commission. . . . The evidence, however, to support any [reason stated by the planning commission for its action] must be substantial. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . . The trial court can sustain the [plaintiffs'] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . . In reviewing the action of the trial court, we have to decide whether it could in logic and in law reach the conclusion that the [commission] should be overruled." (Citations omitted; internal quotation marks omitted.) *Pelliccione* v. *Planning & Zoning Commission*, 64 Conn. App. 320, 326–28, 780 A.2d 185, cert. denied, 258 Conn. 915, 782 A.2d 1245 (2001).

Here, the commission stated that "the application generally meets the applicable subdivision regulations" but did not make specific factual findings to support its approval of the application, especially with regard to the width requirement. When a commission states its reasons in support of its decision on the record, the court goes no further, but if the commission has not articulated its reasons, "the court must search the entire record to find a basis for the [commission's] decision." (Internal quotation marks omitted.) *Norwood* v. *Zoning Board of Appeals*, 62 Conn. App. 528, 532, 772 A.2d 624 (2001). We, therefore, as did the trial court, search the record to determine if there was substantial evidence

to support the commission's conclusion that the zoning regulation or the exceptions pertaining to the width on a public highway were satisfied. We will consider in turn each exception that the defendants claim is applicable.

I

The first exception to the width requirement provides in relevant part that "where a parcel of land is of sufficient area to afford a division thereof into not more than two (2) zone units, one (1) of which zone units does not have the required width on a public highway for the zone involved, zoning permits for both of said two (2) zone units may be issued, provided that the zone unit not having the required width on a public highway has access thereto by means of an accessway serving such zone unit and such accessway is not less than twenty-five (25) feet in horizontal width." New Canaan Zoning Regs., c. 60, article XIV, § 60-14.5 (A). The defendants argue that both parcels qualify under that exception because they obtain access to a public highway by means of an accessway at least twenty-five feet in width. We are not persuaded.

The subdivision plan does not comply with § 60-14.5 (A) because *neither* parcel has the required 225 feet on a public highway. Section 60-14.5 (A) allows for a second zone unit that does not have the required width on a public highway if it is served by an accessway with a twenty-five foot width. That is only permitted, however, if the other zone unit has the required width along a public highway. Here, parcel 170 has its entire width on Wing Road, which is a private road. Parcel 171 has thirty feet of its width on Wing Road and the rest on an accessway that services the Walsh property. Neither Wing Road nor the Walsh accessway are public highways, and the defendants do not argue otherwise. We therefore conclude that the court properly deter-

mined that the subdivision application did not meet the requirements for the exception set forth in § 60-14.5 (A).

## II

The second exception to the width requirement provides in relevant part that "where a parcel of land is of sufficient area to afford a division thereof into three (3) or more zone units, no zoning permits shall be issued for the third zone unit or any subsequent zone units located in the subject parcel of land until a subdivision thereof has been made in accordance with the Subdivision and Street Regulations of the Town of New Canaan and a map thereof has been filed for record on the land records of the Town of New Canaan." New Canaan Zoning Regs., c. 60, article XIV, § 60-14.5 (B). The defendants argue that the Kessler subdivision would create "subsequent zone units" to the 1961 Glidden subdivision and that the commission's approval of the Kessler subdivision caused § 60-14.5 (B) to be satisfied. We disagree. Even if we assume, without deciding, that the "parcel" referred to in § 60-14.5 (B) refers to the Glidden property that originally was subdivided, as opposed to simply Kessler's parcel, that exception is not satisfied because there was no valid resubdivision approval for Kessler's property.[7]

The division of Kessler's property is a resubdivision pursuant to General Statutes § 8-18 and § 55-2.1 of the New Canaan subdivision and street regulations because it constituted a further division of land that already had been subdivided.[8] The defendants, therefore, are

_____

[7] If we construed the "parcel" to refer to Kessler's property alone, that exception would not be implicated because there is no subdivision application for the creation of three or more zone units from Kessler's parcel. Rather, the application sought the creation of only two lots.

[8] General Statutes § 8-18 defines "subdivision" as "the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development . . . and includes resubdivision . . . ."

General Statutes § 8-18 defines "resubdivision" as "a change in a map of

correct that Kessler's subdivision application would create "subsequent zone units" to the Glidden parcel because the Glidden parcel already had been divided into three lots in 1961. Before there could be further division of the property into subsequent zone units, § 60-14.5 (B) of the zoning regulations requires that a subdivision be approved. That subdivision must comply with the zoning regulations, including having its width on a public highway or meeting one of the exceptions to that rule. "Once a zoning violation has been found on the face of a submitted plan, a commission may not approve the plan." *Krawski* v. *Planning & Zoning Commission*, 21 Conn. App. 667, 673, 575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990); see also General Statutes § 8-26 (nothing shall authorize commission to approve subdivision that conflicts with zoning regulations). The defendants argue that the commission's approval of the Kessler subdivision application satisfies the requirement of an approved subdivision in § 60-14.5 (B). That argument is without merit.

Although the commission did approve Kessler's subdivision, that approval was invalidated by the court on appeal because there was no substantial evidence that supported the commission's determination that the subdivision met the width requirements or the exceptions to the regulation. The major flaw in the defendants' argument is its failure to recognize that the required subdivision in § 60-14.5 (B) must, like all subdivisions, comply with the zoning regulations, including having adequate width on a public highway or meeting an exception to that rule. See *Krawski* v. *Planning &*

an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map . . . ."

*Zoning Commission,* supra, 21 Conn. App. 673; General Statutes § 8-26. Here, parcels 170 and 171 do not have their width on a public highway, and no exception to that requirement has been satisfied. Section 60-14.5 (B) simply requires that if subsequent zone units are to be created from a parcel, a subdivision must be approved. It does not excuse the subdivision, which would allow a subsequent zone unit, from complying with the width requirement or one of its exceptions in the New Canaan zoning regulations.

We conclude, therefore, that the court properly found that there was no substantial evidence to support the commission's approval of the subdivision application under § 60-14.5 (B) of the New Canaan zoning regulations.

### III

The third exception to the width requirement provides in relevant part that zoning permits may be issued for zone units "having the required width . . . upon roadways other than public highways, provided that such roadways have a width of at least fifty (50) feet and a traveled way to Town standards of at least twenty (20) feet of asphalt . . . ." New Canaan Zoning Regs., c. 60, article XIV, § 60-14.5 (C). The defendants argue that this exception was satisfied because parcel 170 has its entire width along Wing Road, which has a fifty-foot width, and parcel 171 has thirty feet of its width along Wing Road. We disagree.

Our interpretation of ordinances presents a question of law and, therefore, our review is plenary. See *Witty* v. *Planning & Zoning Commission,* 66 Conn. App. 387, 390–91, 784 A.2d 1011, cert. denied, 258 Conn. 950, 788 A.2d 100 (2001). "We interpret and construe local ordinances according to the principles of statutory construction." *Miller* v. *Zoning Board of Appeals,* 36 Conn. App. 98, 102, 647 A.2d 1050 (1994). We are aware of

the principles of statutory construction as set forth in *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003) (en banc). The extratextual sources referenced in *Courchesne* to guide us in our reasoned search for the intent of a legislative body in enacting an ordinance are not present here. We therefore must focus on the language of the regulation.

"A zoning ordinance is a local legislative enactment, and in its interpretation the question is the intention of the legislative body as found from the words employed in the ordinance. . . . The words [employed] in zoning ordinances are to be interpreted according to their usual and natural meaning and the regulations should not be extended, by implication, beyond their expressed terms. . . . The language of the ordinance is construed so that no clause or provision is considered superfluous, void or insignificant." (Citations omitted; internal quotation marks omitted.) *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 234, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003). "We construe words and phrases according to the commonly approved usage of the language. . . . Where an ordinance does not define a term, we look to the common understanding expressed in dictionaries." (Citation omitted.) *Miller* v. *Zoning Board of Appeals*, supra, 36 Conn. App. 102.

Parcel 170 complies with the exception because it has its entire width, which is longer than the requisite 225 feet, on Wing Road, which has a width of fifty feet. We therefore must determine whether the third exception to the width requirement mandates that 225 feet of the width of parcel 171 border Wing Road or whether it requires only that a portion of its width be on that roadway.[9] Our focus is on the words "width"

---

[9] Although parcel 171 has the majority of its required width along the Walsh accessway, the parcel is still noncompliant because the accessway does not have a width of fifty feet, which is required by chapter 60, § 60-14.5 (C), of the New Canaan zoning regulations.

and "upon" as used in the exception in analyzing whether parcel 171 is compliant. "Width" is defined in the zoning regulations as "the dimension of the plot generally parallel to the street front . . . ." New Canaan Zoning Regs., c. 60, article XXV, § 60-25.1. "Upon" is not defined in the regulations, and we therefore must look to its dictionary definition. "Upon" is defined as being synonymous with "on." Merriam-Webster's Collegiate Dictionary (10th Ed. 1999). "On" is defined as: "1 a—used as a function word to indicate position in contact with and supported by the top surface of [the book is lying *on* the table] b—used as a function word to indicate position in or in contact with an outer surface [the fly landed *on* the ceiling] [I have a cut *on* my finger] [paint *on* the wall] c—used as a function word to indicate position in close proximity with [a village *on* the sea] [stay *on* your opponent] d—used as a function word to indicate direction or location with respect to something [*on* the south] [the garden is *on* the side of the house]." (Emphasis added.) Id.

Subsection (a) of that definition is not applicable here because the width is not supported "by the top surface of" Wing Road. Similarly, subsection (b) of that definition is not relevant because Wing Road is not an "outer surface" with which the width of lot 171 is in contact. Rather, the definitions found in subsections (c) and (d) are relevant and applicable to the third exception to the frontage width requirement. In the context of the regulation, "upon" means that the width be located near or in close proximity with Wing Road.

We conclude that the third exception requires that the required 225 foot width be on Wing Road. The definition of "width" mandates that 225 feet be on a roadway other than a public highway, specifically, Wing Road. Utilizing the dictionary definition of "upon," we conclude that the exception requires that 225 feet be near, in close proximity with or border Wing Road. Here,

only thirty feet of the width of parcel 171 satisfies that definition. Accordingly, we conclude that there was no substantial evidence to support the commission's determination on the basis of the third exception to the width requirement.

## IV

The defendants also claim that the commission properly approved the subdivision plan because any noncompliance with the regulations constituted a variance or a waiver.[10] We decline to review that claim.

The defendants raise that claim for the first time on appeal. The commission was not asked to issue a variance, nor was it asked to waive the width requirement of the zoning regulations. That issue also was never raised before the court. Rather, the commission was confronted only with a subdivision plan application. On appeal to the court, the issue was whether the plan complied with the width requirement or any of the exceptions to that regulation. Never was the issue of waiver or variance raised. "Our Supreme Court has

[10] Chapter 55, article XI, § 55-11.2, of the New Canaan subdivision and street regulations provides in relevant part: "Where the Commission finds that because of special circumstances in any particular case, extraordinary hardships may result from strict compliance with these regulations, it may permit a variation from the regulations for such particular case so that substantial justice may be done and the public interest be secured . . . . In granting any such variation, the Commission shall attach such conditions as are, in its judgment, necessary to fulfill substantially the purposes of the standards or requirements and shall state on its records the reasons for the granting of any such deviation."

Chapter 55, article XI, § 55-11.3, of the New Canaan subdivision and street regulations provides in relevant part: "The Commission may waive, for such period as it may determine, the provision of any or all such improvements, or parts thereof, as, in its judgment, are not immediately necessary in the interests of public health, safety and general welfare. In the case of each waiver granted, the commission shall enter upon its records the reason or reasons why the particular improvement is not immediately necessary and it shall attach appropriate conditions, or require such guarantees as may be necessary to protect the public interest."

repeatedly stated that issues not properly raised before the trial court will ordinarily not be considered on appeal. . . . A plaintiff cannot try his case on one theory and appeal on another." (Citation omitted; internal quotation marks omitted.) *Bishel* v. *Connecticut Yankee Atomic Power Co.*, 62 Conn. App. 537, 544–45, 771 A.2d 252, cert. denied, 256 Conn. 915, 773 A.2d 943 (2001). Accordingly, we decline to review that claim.

The judgment is affirmed.

In this opinion the other judges concurred.